## VIDAL *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a.decision of the Registrar of Property of Guayama.

No. 18.—Decided March 8, 1907.

RECORD ENTERED IN FAVOR OF PERSON OTHER THAN THE ONE EXECUTING DEED OF CONVEYANCE.—It appearing that the property which the appellant in the case at bar seeks to have recorded is recorded in favor of a person other than the one who executed the deed of conveyance to him, the admission of the same to record must be denied.

AGENT—PROPERTY OF THE CONJUGAL PARTNERSHIP.—Where an agent is authorized to sell the property of his principal, or any that he might acquire in the future, he is not authorized to sell the property belonging to the conjugal partnership of his principal, and for this purpose he would require special authority.

The facts are stated in the opinion.

The appellant did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Manuel J. Vidal, as the agent by verbal appointment of Juan Lisa y Carrielli, from a decision of the Registrar of Property of Ponce, refusing the admission to record of a deed of sale.

Isabel Curbelo y Machín, as attorney in fact of her daughter, Ana Valenciano y Curbelo, according to the power of at-

torney executed in her favor by the latter, with the consent of her husband, Eduardo Puertas y Martínez, in the island of Curacao, before Notary Jan Hedrich Rudeloff Beanjon, of said island, on June 13, 1903, by which, among other powers, she authorized her to sell any present or future property belonging to her in Ponce, or in any other place in the Island of Porto Rico, sold to Juan de Liso y Carrielli, by public deed executed in Ponce before Angel Acosta Quintero, an attorney and notary of said city, on February 5, 1906, a lot containing three frame houses described in said deed. On presentation of a copy of this deed to the Registrar of Property of Ponce for record, together with a copy of the power of attorney conferred by Ana Valenciano y Curbelo upon her mother, Isabel Curbelo y Machín, formally authenticated by the consul of the United States in the island of Curacao, the registrar refused to record the same on the grounds set forth in the decision placed by him at the foot of the deed, which reads as follows:

"Admission of the foregoing document to record is refused because the property is not entered in the name of the vendor, and because the power of attorney under which Isabel Curbelo represents said vendor only authorizes her to sell property belonging exclusively to the principal, which power is not applicable to the sale of this property which, according to the title, must be considered conjugal property, inasmuch as Ana Valenciano y Curbelo is a married woman and acquired it for a valuable consideration; and in lieu of such record, a cautionary notice has been entered to have effect for a period of four months, at folio 142, reverse side, volume 138 of this city, estate No. 3386, duplicate, record letter B.—Ponce, September 25, 1906."

As the person presenting the deed for record did not acquiesce in the decision of the registrar, he left it with the latter to be forwarded to this Supreme Court for the proper decision of the case, which the registrar did together with his report, setting forth the reasons he saw fit in support of his denial.

According to article 20 of the Mortgage Law in force in this Island, "to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded," and "registrars shall refuse to record said instruments as long as this requisite has not been complied with, being directly responsible for the damage they may cause third parties by the violation of this provision;" and as neither the lot nor the houses are recorded in favor of Ana Valenciano y Curbelo, as stated by the registrar in his decision, the record of the deed can not be entered.

Furthermore, as Isabel Curbelo y Machín is authorized by her daughter, Ana·Valenciano, to sell only such property as now belonged to, or might hereafter be acquired by her in Ponce, or in any other part of the Island, she had no power to sell the lot and the houses in question which belonged to the conjugal partnership existing between Eduardo Puertas y Martínez and Ana Valenciano y Curbelo, inasmuch as it is not shown that they belonged exclusively to Ana, as provided by article 1322 of the Revised Civil Code, the equivalent of article 1407 of the former Code; and, therefore, as Isabel Curbelo y Machín is without authority to sell the property in question as the attorney in fact of her daughter, Ana Valenciano, the deed contains a defect which renders it void, and precludes its record in the registry of property.

In view of the provisions of article 20 and 65 of the Mortgage Law and 110 of the Regulations, the decision of the Registrar of Property of Ponce, appearing at the foot of the deed giving rise to this appeal, is affirmed, and said deed is ordered to be returned to the registrar, together with a certified copy of this decision, for his information and such other purposes as may be proper in law.                *Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.